```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
IYA DENNIS,                                                 :
                                                            :     MEMORANDUM AND ORDER
                                      Plaintiff,            :     ADOPTING REPORT AND
                                                            :     RECOMMENDATION
                   -against-                                :     10-CV-973 (DLI)(LB)
                                                            :
DELTA AIR LINES, INC.,                                      :
                                                            :
                                      Defendant.            :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Iya Dennis ("Plaintiff") brought this action for wrongful exclusion from a flight, racial discrimination and breach of contract, pursuant to 42 U.S.C. § 1981 ("Section 1981"), 49 U.S.C. §§ 1374 and 40127(a), and New York common law. Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and Plaintiff opposed the motion. U.S. Magistrate Judge Lois Bloom issued a Report and Recommendation, dated August 18, 2011, recommending that Defendant's motion for summary judgment be granted in its entirety. (*See* Docket Entry No. 27 ("R & R").) Plaintiff objected. For the reasons set forth below, the R & R is adopted and Defendant's motion for summary judgment is granted.

## DISCUSSION[1]

**I.   Legal Standard**

   *A.  Summary Judgment*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view all facts in the light most favorable to the nonmoving

---

[1] Familiarity with the facts and background of this matter as set forth in the R & R is assumed, and, thus, shall not be repeated herein. Only those facts necessary to the discussion shall be set forth herein.

1

party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

*B. Review of R & R*

Where a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Portions of the R & R to which the parties have not objected are reviewed for clear error. *See Orellana v. World Courier, Inc.*, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

**II. Analysis**

Plaintiff objects to the magistrate judge's recommendation that Defendant's motion for summary judgment be granted on all counts. Accordingly, the court will review Defendant's entire motion *de novo*.[2] *See* FED. R. CIV. P. 72(b); *Orellana*, 2010 WL 3861013 at *2.

---

[2] Plaintiff also claims in her objections to the R & R that the magistrate judge's prior rulings in this case show that her decision on the instant motion was pre-determined "irrespective of the merit of the plaintiff's case." (*See* Docket Entry No. 30, Plaintiff's Written Objection to Report and Recommendation of the Magistrate Court Judge ("Pl. Obj. to R & R") at 17.) While these claims appear to be meritless, they are also irrelevant because the court is reviewing Defendant's motion for summary judgment *de novo*. Thus, the court declines to address them further.

### A. Breach of Contract Claim

Plaintiff alleges that Defendant breached its contract with her when it did not allow her to board her scheduled flight and cancelled the unused portion of her ticket. Plaintiff also claims that Defendant's Domestic General Rules Tariff ("Rule" or the "Rules"), which include provisions stating that Defendant can cancel a passenger's flight in certain circumstances, were not published to Plaintiff and, thus, they do not apply to the instant case. The court disagrees.

Plaintiff booked her airline ticket on orbitz.com, which includes a "Notice of Incorporated Terms of Contract" that specifically states that air transportation "is subject to the individual terms of the transporting air carriers, which are herein incorporated by reference and made part of the contract of carriage." (*See* Affirmation of Louis R. Martinez ("Martinez Aff.") Exs. A ¶¶ 4-10, A(3).) Furthermore, a copy of the Rules was available for public inspection at LaGuardia Airport, which provided notice to passengers of the incorporated conditions of carriage. (*See* Martinez Aff. Exs. L at ¶ 7, L(1), L(2).) Thus, by making a copy of the Rules available to passengers at LaGuardia Airport and providing notice to Plaintiff when she purchased her ticket on orbitz.com, the court agrees with the magistrate judge that Defendant complied with federal regulations for incorporating terms into the contract of carriage. *See* 14 C.F.R. §§ 253.4, 253.5; *Reed v. Delta Airlines, Inc.*, 2011 WL 1085338, at *3 (S.D.N.Y. Mar. 23, 2011). Accordingly, Plaintiff was bound by Defendant's contract of carriage for Plaintiff's flight, which consisted of Plaintiff's ticket, any applicable tariffs and the Rules. (Rule 56.1 Statement of Material Facts in Support of Defendant's Motion for Summary Judgment ("Def. 56.1")[3] ¶ 17.)

---

[3] As noted by the magistrate judge, there is no record that Plaintiff submitted a statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. (*See* R & R at 1-2 n.1.) Plaintiff argues that the magistrate judge relied on Defendant's Rule 56.1 Statement "without ensuring that [it is]

Rule 135 provides that "[r]eservations and seat assignments are subject to cancellation if the passenger is not . . . at the gate and ready for boarding" fifteen minutes prior to the scheduled departure, and Rule 35 provides that Defendant "may refuse to transport . . . passengers . . . [w]hen the passenger's conduct is disorderly, abusive or violent." (Martinez Aff. Ex. K at Rules 35 and 135.) Here, each rule, standing alone justifies Defendant's cancellation of Plaintiff's reservation. First, Plaintiff arrived at the gate ten minutes prior to the scheduled departure in violation of Rule 135.[4] (*See* Def. 56.1 at ¶ 2; Martinez Aff. Ex. B, Deposition Transcript of Gate Agent Lindsey ("Lindsey Dep.") 17-22.) Even if Defendant boarded the other late passengers as a courtesy while there was room available on the flight, Plaintiff violated the rule requiring her to be at the gate at least 15 minutes prior to the scheduled boarding time and, as a result, Defendant was allowed to cancel Plaintiff's reservation. (*See* Martinez Aff. Ex. K at Rule 135.) Second, Plaintiff admittedly entered the jetway without authorization from the gate agent, which certainly constitutes disorderly conduct in violation of Rule 35 and, thus, justifies Defendant's refusal to transport Plaintiff altogether. (*See id.* at Rule 35.) That the police did not arrest Defendant does not mean that Defendant was not disorderly in violation of the Rule. (*See* Obj. to R & R at 11.) Therefore, Defendant's actions did not breach the contract of carriage.

---

supported by admissible evidence and not controverted by the record." (*See* Opp. to R & R at 5.) However, Plaintiff does not allege that she had submitted a Rule 56.1 statement, or that the court is not permitted to deem the facts in Defendant's 56.1 statement admitted and rely on them to the extent they are supported by admissible evidence and not controverted by the record. (*See* R & R at 1-2 n.1.) Accordingly, the court deems admitted those facts in Defendant's 56.1 statement that are supported by admissible evidence and not controverted by the record.

[4] While Plaintiff states in her opposition that she "did not arrive too late to be boarded," she does not dispute that she arrived less than 15 minutes prior to the scheduled boarding time. (*See* Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Pl. Opp. to SJ") 17-19.) Instead, Plaintiff's arguments focus on the "inconsistent" reasoning provided by the gate agent for not allowing her to board and that there was ample time for Defendant to board Plaintiff as there were "12 minutes [from] when the last passenger was checked into the aircraft [until the plane was] airborne . . . ." (*See id.* at 19.)

4

Plaintiff argues that (i) there is a triable issue of fact as to the reason the gate agent denied Plaintiff's boarding, *i.e.*, whether it was because Plaintiff was late or that there were not enough seats on the plane, and (ii) Defendant's statements are inconsistent because they rely on both reasons to justify Defendant's denial of Plaintiff's boarding. (*See* Pl. Opp. to SJ at 17-19.) Defendant stated, in its response to Plaintiff's first set of Interrogatories, that Plaintiff "was denied boarding because she arrived too late at the gate" for her scheduled flight. (Affidavit of Iya Dennis ("Dennis Aff.") Ex. 9[5] ¶¶ 6, 9, 12, 13, 14.) The gate agent stated that she initially gave up Plaintiff's seat because she arrived late at the gate, and then did not allow Plaintiff to travel in another seat because the flight was full. (*See* Lindsey Dep. at 24-27.) Not only are these statements consistent, but the Rules allow Defendant to cancel Plaintiff's reservation both because she was late and due to her disorderly conduct, regardless of the reason the gate agent denied Plaintiff's boarding or whether the flight was full. Thus, Plaintiff has failed to raise a material issue of fact that must be tried by jury as to the breach of contract claim.

The court further agrees with the magistrate judge that Plaintiff's breach of contract claim also fails as a matter of law because Plaintiff did not suffer any damages within the terms of her contract. In 1995, the Supreme Court ruled definitively that the [Airline Deregulation Act] confines plaintiffs claiming breach of contract to the terms of the parties' bargain, 'with no enlargement or enhancement based on state laws or policies external to the agreement.'" *Ruta v. Delta Airlines, Inc.*, 322 F. Supp. 2d 391, 398 (S.D.N.Y. 2004) (quoting *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-33 (1995)). Rule 135 clearly states that if the reservation is cancelled because the passenger failed to arrive at the gate more than 15 minutes prior to the scheduled departure, Defendant will refund the unused portion of the passenger's ticket as

---

[5] Ex. 9 is missing several pages, however Defendant's Response to Plaintiff's First Set of Interrogatories can also be found at attachment three to Docket Entry No. 16.

provided in Rule 270. (Martinez Aff. Ex. K at Rule 135.) Rule 35 clearly states that "[t]he sole recourse of any passenger refused carriage or removed en-route for any reason specified in this Rule shall be recovery of the refund value of the unused portion of his or her ticket as provided in Rule 260." (Martinez Aff. Ex. K at Rule 35.) Thus, under the terms of the contract of carriage, even if Defendant breached the contract, Plaintiff could not recover damages other than the value of the unused portion(s) of her ticket, which Plaintiff concededly already received from Defendant.[6] (*See* R & R at 8 (citing *Ruta*, 322 F. Supp. 2d at 399 (granting summary judgment on plaintiff's breach of contract claim against the airline where "Plaintiff did not suffer any damages within the terms of her contract" because "there is no unused portion of the ticket, and Plaintiff is not entitled to any refund, which is the limit of Delta's contractual liability for removing her from the flight"); *Norman v. Trans World Airlines, Inc.*, 2000 WL 1480367, at *6 (S.D.N.Y. Oct. 5, 2000) (Plaintiff's "remedy for any breach of the contract of carriage between the parties is limited to the remedies set forth in that contract")).)

In sum, no reasonable juror could find that Defendant breached its contract with Plaintiff, thus, Defendant's motion for summary judgment as to Plaintiff's breach of contract claim is granted.

### B. *Spoliation of Evidence Claim*

Plaintiff also argues that Defendant engaged in spoliation of evidence by destroying the ticket lift envelope for Plaintiff's flight, which Plaintiff alleges would have confirmed the

---

[6] Although Plaintiff argues that she was not sufficiently compensated by a refund of her fare and that it was wrong of Defendant to cancel the unused portion of her ticket, (*see* Obj. to R & R at 12), Plaintiff does not dispute that Defendant refunded her the full value of the unused portion of her ticket, (Martinez Aff. Ex. C, Deposition Transcript of Plaintiff ("Pl. Dep.") 112; Compl. ¶ 26; *see also* Pl. Opp. to SJ at 22; Def. 56.1 at ¶ 15). The court also notes that New York law provides that punitive damages "may not be awarded in breach of contract cases, which involve a private wrong and where no public rights are involved." *Durham Indus. Inc. v. North River Ins. Co.*, 673 F. 2d 37, 41 (2d Cir. 1982).

6

number of passengers who actually boarded the flight. As set forth in the R & R, "[t]here are three elements that a party moving for sanctions based on spoliation of evidence must establish: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Liberman v. FedEx Ground Package Sys.*, 2011 WL 145474, at *2 (E.D.N.Y. Jan. 18, 2011) (citations omitted). Here, Plaintiff has failed to show any of the required elements. Plaintiff has not shown that Defendant had to preserve the ticket lift envelope at the time it was destroyed, especially where Defendant's policy is to destroy ticket lift envelopes sixty days after a flight is complete and Defendant had no notice of the instant action until after that sixty day period. (*See* Dennis Aff. Ex 8.) The court concurs with the magistrate judge that "[P]laintiff's statement on the date of the underlying event that she would bring defendant to court was insufficient to put [D]efendant on notice that the ticket lift envelope was relevant to reasonably foreseeable litigation." (*See* R & R at 7 n.4.) In addition, even construing the facts in the light most favorable to Plaintiff, Plaintiff has failed to show the records were destroyed with a culpable state of mind or that the ticket lift envelope would be relevant to Plaintiff's claim, especially in light of the other evidence showing the number of passengers aboard the flight.

  *C. Discrimination Claim Pursuant to Section 1981*

Plaintiff claims that Defendant denied her contract rights in violation of Section 1981 by prohibiting her from boarding the flight for which she had purchased a ticket because of her race. To state a claim for a denial of her right to make and enforce contracts based on race pursuant to Section 1981, a plaintiff must allege facts that demonstrate: "(1) the plaintiff is a member of a

7

racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts . . . )." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F. 3d 1085, 1087 (2d Cir. 1993) (citations omitted). A plaintiff can prove intentional discrimination through direct or circumstantial evidence, however, the plaintiff must make factual allegations that the defendant's acts were "purposefully discriminatory and racially motivated." *Bary v. Delta Airlines*, 2009 WL 3260499 at *8 (E.D.N.Y. Oct. 9, 2009) (citations omitted). The instant case involves only circumstantial evidence, thus, the court will apply the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See id.*

Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of proving, by a preponderance of the evidence, a *prima facie* case of discrimination. *Id.* In order to state a *prima facie* case of discrimination, "the plaintiff must . . . identify 'circumstances giving rise to an inference of discrimination on the basis' of race." *Bary*, 2009 WL 3260499 at *9 (citing *McLee v. Chrysler Corp.*, 109 F. 3d 130, 134 (2d Cir. 1997)). "It is well established . . . that a plaintiff may support an inference of race discrimination by demonstrating that similarly situated individuals of a different race were treated more favorably. *Id.* (citations and internal quotation marks omitted). Once Plaintiff establishes a *prima facie* case, "the burden shifts to the defendant to articulate 'some legitimate non-discriminatory reason for its action." *Holcomb v. Iona College*, 521 F. 3d 130, 138 (2d Cir. 2008) (quoting *McDonnell Douglas Corp.*, 411 U.S. 792, 802 (1973)). "If such a reason is provided, plaintiff may no longer rely on the presumption raised by the *prima facie* case, but may still prevail by showing, without the benefit of the presumption, that the [defendant's] determination was in fact the result of racial discrimination." *Id.*

Here, the court agrees with the magistrate judge that Plaintiff has failed to demonstrate an inference of race-based discrimination because Plaintiff has not provided proof that any similarly situated individuals of another race were treated differently. Plaintiff argues that she was similarly situated to the two white passengers who were in front of her at the gate and who the gate agent allowed to board the flight. (*See* Pl. Dep. at 44; Lindsey Dep. at 24-25.) However, these passengers were not similarly situated to Plaintiff, because the white passengers were attended to before Plaintiff, and at a point in time when, according to the Weight and Data Record and the seat map relied on by the gate agent, there were enough empty seats on the plane to accommodate the white passengers. (*See* Pl. 56.1 at 28; Lindsey Dep. at 17-25; Martinez Aff. Exs. O, and D at 43-44, 80-81, 99.) Although Plaintiff claims that there is a question of fact as to whether there were any empty seats on the plane at the time Plaintiff attempted to board, the evidence provided by Defendant shows that the flight, which had the capacity to hold 183 passengers, was clearly full. (*See* Pl. 56.1 at ¶¶ 6, 7, 28; Martinez Aff. Ex. R, Certification of Delta Manager of Passenger Claims, Michael G. Hickey at ¶¶ 6, 9, 10; *id.* Ex. O; *id.* Ex. D at 80-81; Pl. Opp. to SJ Ex. 4.) Furthermore, contrary to Plaintiff's assertion, the flight attendant did not testify that she told Plaintiff there was a seat for her on the flight. (*See* Dennis Aff. Ex. 2 at 25-26.) Plaintiff cannot rely on conclusory allegations that the flight was not full and that Plaintiff was denied boarding based on her race, but must bring factual allegations showing otherwise. Thus, as Plaintiff has not provided factual allegations showing that there were any similarly situated individuals of another race who were treated differently, Plaintiff has failed to establish a *prima facie* case of discrimination based on her race.[7]

---

[7] The court also notes that Plaintiff claims that the Supervisor who eventually refused to rebook her flight "derided her for having 'bought one of those cheap tickets'." (Pl. Opp. to SJ at 29 (citations omitted).) Even if Plaintiff's allegation is true, a person's economic class is not a

Even if Plaintiff established a *prima facie* case of race discrimination, Defendant provided a legitimate reason for prohibiting Plaintiff from boarding the flight, *i.e.*, Plaintiff arrived late to the gate and the gate agent believed, based on her prior call to the load center and consultation of the seat map, that there was no seat available for Plaintiff on the plane. (Martinez Aff. Ex. B at 37); *see also Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 418 (7th Cir. 2006) (With respect to pretext, "the question is n[ot] whether [the defendant] was mistaken, cruel, unethical, out of his head, or downright irrational in taking the action for the stated reason, but simply whether the stated reason *was* his reason: not a good reason, but the true reason.")   The mere fact that the white passengers in front of Plaintiff at the gate were allowed to board *before* Plaintiff was assisted by the gate agent, especially where there was no allegation or evidence that anyone was allowed to board after Plaintiff was turned away, does not show pretext. *See Dizon v. TWA*, 1988 WL 18880 (S.D.N.Y. Feb. 10, 1988); *see also Tejwani v. United Airlines, Inc.*, 2009 WL 860064 (S.D.N.Y. Mar. 31, 2009).  Thus, Plaintiff has failed to provide evidence giving rise to an inference of racial discrimination and, even taking the facts in the light most favorable to Plaintiff, no reasonable juror could conclude that the gate agent prevented Plaintiff from boarding the flight because of Plaintiff's race.   Accordingly, Defendant's motion for summary judgment as to Plaintiff's Section 1981 claim is granted.

D. Other Objections

Plaintiff states that she "objects to the rest of the other recommendation relating to Discrimination Claim Under 49 U.S.C. § 40127; False Imprisonment; Willful Infliction of emotional Distress and Special Damages and Punitive Damages and invites the court to reconsider the submissions made on these points in the plaintiff's Memorandum of Law in

---

protected class and, thus, discrimination based on the amount of money Plaintiff has does not violate Section 1981.

opposition to the summary judgment motion as the recommendation did not adequately consider them." (Pl. Obj. to R & R 15-16 (citing Plaintiff's Memo of Law in Opposition at 31-33).) Although Plaintiff fails to provide any further detail regarding her objections to the magistrate judge's recommendation as to the above-referenced claims, Plaintiff clearly objects and, thus, the court will review those claims *de novo*.

      i.     49 U.S.C. § 40127(a)

Plaintiff claims that Defendant discriminated against her based on her race in violation of the Federal Aviation Act. (Compl. ¶¶ 38-43.) Although Plaintiff brought the claim pursuant to Section 404(b) of the Federal Aviation Act, *see* 49 U.S.C. § 1374, she does not dispute that Congress repealed the relevant provision of Section 404(b) and enacted 49 U.S.C. § 40127(a) to replace it. (*See* R & R at 13-14.) In her Opposition to the R & R, Plaintiff does not dispute that 49 U.S.C. § 40127(a) does not confer a private right of action and, while she attempts to distinguish one of the cases cited by Defendant on this issue in her Opposition to Defendant's Summary Judgment Motion, she fails to provide any authority to the contrary. (*See id.*; Pl. Opp. to SJ at 31.) Regardless, as discussed above, Plaintiff fails to meet her burden of proof that Defendant engaged in any discriminatory conduct and, thus, Defendant's motion for summary judgment must be granted on Plaintiff's discrimination claim pursuant to the Federal Aviation Act. (*See supra* Section II.C); 49 U.S.C. § 40127(a) ("An air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry.").

      ii.    False Imprisonment Claim

Plaintiff also claims that she was falsely imprisoned by police officers in the airport pursuant to the gate agent's call to police after Plaintiff went down the jetway, and seeks to hold

Defendant liable for that confinement. As set forth by the magistrate judge, "[f]or false imprisonment liability to attach to one who causes or directs an arrest or imprisonment in New York, the defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal to the point where the officer is not acting of his own volition." *Curley v. AMR Corp.*, 153 F. 3d 5, 13-14 (2d Cir. 1998) (citations and internal quotation marks omitted). Although the gate agent contacted the police after Plaintiff went down the jetway without a boarding pass, (*see* Martinez Aff. Ex. F(1)), there is no evidence that Defendant confined, or threatened to confine, Plaintiff. Furthermore, there is no evidence that Defendant or Defendant's employees took an active part in the confinement by the police pursuant to the gate agent's call or showed "undue zeal" in procuring Plaintiff's confinement. *See Curley*, 153 F.3d at 13-14. "The mere reporting of a crime, and giving information to the police is not sufficient to impose liability," thus, Defendant's motion for summary judgment as to Plaintiff's false imprisonment claim is granted. *See Curley v. American Airlines, Inc.*, 1996 WL 668857, at *2-3 (S.D.N.Y. Nov. 19, 1996) (dismissing the plaintiff's false imprisonment claim against the airline on summary judgment because there was no evidence that the airline acted with "undue zeal" or that it controlled the Mexican authorities' actions where the airline contacted Mexican authorities upon the flight's landing after falsely suspecting the plaintiff of smoking marijuana in the aircraft's lavatory).

      iii.    <u>Intentional Infliction of Emotional Distress</u>

Plaintiff claims that Defendant intentionally inflicted emotional distress upon her. As set forth by the magistrate judge, to state a claim for intentional infliction of emotional distress under New York law, a plaintiff must show: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress;

(3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). Here, the extreme and outrageous conduct complained of consisted of Defendant's: (i) failure to allow Plaintiff to board her scheduled flight; (ii) cancellation of the remainder of Plaintiff's ticket; and (iii) failure to receive her checked luggage until she landed at her destination. While this conduct by Defendant was undoubtedly frustrating to Plaintiff, the court concurs with the magistrate judge that, even when viewed in the light most favorable to Plaintiff, no rational trier of fact could find that it was sufficiently extreme and outrageous as to give rise to a valid claim for intentional infliction of emotional distress. *See Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (to state a valid claim of intentional infliction of emotional distress, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.") (citations omitted).

## CONCLUSION

For the reasons discussed above, the R & R is adopted in its entirety. Accordingly, Defendant's motion for summary judgment is granted in its entirety and this action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2011

/s/
DORA L. IRIZARRY
United States District Judge

13